Your honors, good morning. Gary Burcham for Mr. Rangel-Rodriguez. On two separate occasions prior to trial, Mr. Rangel moved the district court to appoint him new counsel due to what Mr. Rangel had described as a serious conflict and lack of communication between himself and his attorney. The first motion was made approximately two months before trial. That motion was referred to the magistrate judge and was denied by the magistrate judge. The second motion was made the morning of trial. That motion was denied directly by the district court. I'd like to start with the second motion that was made by Mr. Rangel. I believe that's the more egregious violation by the district court in denying that motion. This court considers three factors when looking at the propriety of a denial of a substitution of counsel motion. The timing of the motion, the adequacy of the district court's inquiry, and the nature of the conflict, the problem between the attorney and his client. When you look at the district court's denial of Mr. Rangel's motion for new counsel on the morning of trial, it's crystal clear from the record that the only factor the district court considered was the fact that it was brought in a late time and that it was going to inconvenience the court. Well, it actually he considered two things. He considered the fact that he was bringing it on the same grounds that had been raised before the magistrate judge two months earlier. Well, I'm not sure that you can really discern that from the record. He did ask, has this motion been made earlier? Has he brought this up? Mr. Turner explains the business about them having made some friction on the contention between the two of us that made it difficult for him to communicate closely with me. So he sort of gives the substance of the motion. And then the district court says, this is the morning of trial, it's in time for starters. Has he brought this up in front of the magistrate judge prior to the proceeding? Mr. Turner, yes, he has. The motion has been heard by Judge Papas and denied. And he says, I'm not going to rehear this morning. It's too late. So as I read it, and I think a fair interpretation, given the district court's deference to which it's entitled, it seems to me as if the district judge says, is this something new? Is this something that's come up recently? And he says, no, this is the thing that he raised with the magistrate judge. And the judge says, well, you should have appealed that one earlier. Isn't that a fair reading of it? I think an equally fair inference is when the judge says, has he brought this up before? It's the request for new counsel, the general problem between the lawyer and the defendant. And the problem here is we don't know exactly what the problem was. Well, the problem concerned communications, frictions, and lack of communication between lawyer and client. That is the general subject matter. There's no doubt that both motions raised that general subject matter. As well as, I think, the complete distrust of Mr. Ron Hale of his appointed counsel as well. And that was new? That was not raised in the magistrate? That was raised in the original motion that he mailed to the district court, and then which was referred to the magistrate, correct. OK. So I'm a little confused here. I mean, what? So when the district judge determined that this was exactly the same issue that was before, the district judge is absolutely right about that. Were there some new disclosures? I don't think the district court had any idea what had been heard before the magistrate judge. He said he brought this up in front of the magistrate judge. Yes, he has. Well, he had to ask, has this been brought up before? Clearly, the district court did not know the state of the record, did not know what happened previously with Magistrate Judge Pappas. That's why he asked the guy bringing the motion, has this been raised before? And the guy says, the lawyer says, yes, it has. Now, he could have said, well, we brought a motion for substitution of counsel, but new things have happened since then. He could have said that. Or we have new evidence, or there's been new frictions raised, or there are matters that we couldn't raise before the magistrate judge because they're too recent. He could have said all of that. But he doesn't. He says, yes, he has. What's a district judge supposed to infer from that? Well, the district court needs to make an informed decision based upon all the factors in the case as to whether denying the motion is proper or not. And given the state of the record, I think it's fair to say the district court confirmed that it had been raised before with the magistrate judge. But he had no idea what the issues were. He had no idea exactly what the issues were. Assuming my reading is correct, though, that, in fact, the district judge determined reasonably that the thing that the defendant wanted to raise today was exactly the same claim, no different at all, from what had been raised before the magistrate judge. Assuming that's correct, there's still a case to be made. Are you going to let me finish the question? There's still a case to be made. Are you going to do you want to hear what I am? I'm sorry, Your Honor. I thought you were done. Why did you think I was done? I said assuming. I apologize. You say I'm assuming? Okay. Now I'm going to ask a question. Assuming this is what was communicated, then when the district judge says this was heard two months ago, you should have appealed it earlier, we review that for abuse of discretion, do we not? You review the decision in its entirety for an abuse of discretion. No, we review the question of whether the district judge properly refuses to hear a motion on the morning of trial for abuse of discretion, and in deciding whether it was an abuse of discretion, the fact that this could have been raised two months earlier with the district court is something that heavily supports a district judge's discretion. Why wasn't this appealed to me? Two months ago after the magistrate judge ruled. That's a perfectly reasonable thing for a judge to ask on the morning of trial. I certainly agree that he could have brought this at some point. First of all, there were no court dates between the magistrate court appearance and trial, so it wasn't as if he was repeatedly in court and failed to raise this. He had sent a written motion. Excuse me. He couldn't, after he got the magistrate judge's ruling, he could not have gotten into court to see the judge. He couldn't have filed a motion for review of the order before the trial. He couldn't have brought a motion in limine. Is that what you're telling me? No, what I'm saying is that there was not a scheduled court date where he appeared in court and failed to raise this. But you don't need a scheduled court date. If you have a ruling against you and you have a matter that has to be raised with the court, something as fundamental as changing counsel, something that can't possibly be done on the day of trial without postponing the trial, there is an obligation to raise it at the earliest available time. As best I can tell, the earliest available time. Again, assuming the two things are the same, the assuming part, the date would have been as soon as the magistrate judge denies the motion, was there anything that stopped defense counsel or the defendant himself from petitioning the district court for a review of that order? Not to my knowledge. And he would have gotten into court, right? They would have gotten a hearing. The government would have been forced to file an opposition. And at the point the district judge didn't grant a hearing, would be reviewing that decision. I agree with that, yes. Okay, so they let two months pass. Morning of trial, they get up and say, Your Honor, we want to raise the same issue that we raised with the magistrate judge. Not having an abuse of discretion for the district judge to say, We're not going to hear it. This is something, you know, we're here to try the case. And if you want to change counsel, the time to have talked to me about this two months ago when we could have changed counsel, we would still have a trial today with new counsel. I think the assumption that it was the same problem is an assumption we really cannot make. I understand, but you give up if I'm right on that. You don't have an argument. If there's some assuming part of my question stands, we can talk about that and you can disagree about it. But assuming that it is read as I am reading it, as I'm suggesting it should be read, do you still have an argument that the district court abuses discretion? Yes, sir, I do. Tell me what that is. The argument is that this was a decision to be made by the district court. And whether it had been made previously two months earlier by a magistrate judge or not, the district court had an affirmative duty to delve into the facts of the case, figure out exactly what the problem was on the morning of trial, whether it had been denied once, twice, or three times by a magistrate judge. Where do you get that? Where do you get this notion that this, that even if it's brought, what if it's brought in the middle of trial? What if it's brought at the time the juries are deliberating? It's never too late? Where do you get the authority for that proposition? The one theme in every single published case I could find regarding this issue is that the district court has to have an inquiry with the defendant and probably with the attorney to figure out exactly what the situation is to make his informed decision to exercise his sound discretion. By our assumption, he has done that. He said, is this the matter you raised with the magistrate judge? And the lawyer says it is. And he says, well, in that case, that's something that you should have brought way back then, not on the day of trial. Do you have a single case that says that a judge would deny substitution of counsel on a matter that could have been raised weeks before trial, abuses discretion by saying, I'm not going to hear it today, and describes the trial date? I think every case, because under Your Honors' Okay, give me a single case. Give me a name. I think Adelzo Gonzalez, I think Bland, I think Torres Rodriguez, even assuming Your Honors' hypothetical that it was the exact same motion, the exact same problem existed from two months before trial to the morning of trial. We still don't know, or it looks like the district court did not know what the problem was. And the district court had a duty. I don't understand. Why did the district court have to know the problem? If he knows that this is the problem that was resolved by the magistrate judge much earlier and could have been raised much earlier, why does the district judge not say? How does he know that it was much earlier? He doesn't. He simply said, was this brought previously? And it was answered yes, and it was denied. He doesn't know if it was brought a week before or two months before. And that's the whole problem here. The district court had absolutely no idea what the nature of the issue was, how it had been resolved in the magistrate court. What if the magistrate judge had done the exact same thing that the district court did and just said, you know, Mr. Turner is competent. I know him well. I'm sorry, you're arguing the district judge didn't know when on the docket sheet the motion was heard by the magistrate judge? He said, was this brought prior to this morning? And he says, yes, it was. The lawyer didn't say, oh, but he ruled on it only yesterday, and this is the first chance we've had to come here. In fact, he couldn't have said that because it happened two months earlier. It did happen two months earlier, but what was in the district court's mind at that time, we don't really know. And that's the whole problem. That's why the rule existed. Again, every year the district court didn't ask whether he ruled yesterday two months earlier or a year earlier. No. He did not ask. He was interested in what happened, only in the fact that the magistrate had ruled on it. Exactly. And that it was not timely. If the lawyer had an argument it was timely, he says, because the magistrate judge only ruled yesterday. He could have said, well, I couldn't have brought it. I'm bringing it to you the first chance I had after the magistrate judge ruled. What the judge wasn't – quite reasonably, what the judge was concerned with was that here's the day of trial. The government has brought witnesses into court. The defense was to be ready for trial. The court has blocked off its docket. We've got jurors waiting in the jury room to be seated. And this is something that ought not to be raised on the day of trial unless this is something that couldn't have been raised earlier. I think it's equally reasonable to ask the district court to do what this court has told them to do, which is ask what the problem is. Take five minutes. Ask what is the problem. Why has this been raised now? What happened before? Has anything changed? But if we do that, then the district judge is concerned about timings by the wayside. Then he's saying, look, you should have raised it earlier, and I'm not going to hear it. Now we review on the merits. We review what the district court abuses discretion in denying. But the judge says, look, I'm not going to do it. I don't want to delay the trial. I don't think we should have to delay the trial to the detriment of the government and everybody else, considering things on the morning of trial that should have been brought long ago. That's a totally reasonable position. How did he abuse of discretion? He abused of discretion because he never exercised any discretion. He had no idea what the nature of the conflict was. He had no idea what the previous ruling of the magistrate court was. He had no idea what the original motion brought by Mr. Ron Held was. Are you really taking the position that somebody can bring a matter before the magistrate judge months before the trial and then wait till the morning of trial to raise it with the district court, just wait the entire time when you could have gotten a different lawyer, you could have maintained your trial date, you could have given notice to the government. It's perfectly okay to raise it on the day of trial, and the trial judge at that point has no choice but to consider it on the merits. Is that your position? I think that if the district court would have engaged in a lengthy analysis with the defendant and fleshed out the issue and made the lawyer stop. He has to consider it on the merits, even though the defendant could have raised it two months earlier. Absolutely, yes. I understand your position. I'm well over time and supported many additional questions. By consider it on the merits, do you mean that he has to find out what the facts are first? Yes, Your Honor. And then he might well be able to say, well, this is going to cause the government inconvenience. He waited too long once he found out what the facts are. And make the findings. And as I understood, you didn't say he had to conduct a lengthy hearing, but you said five minutes. Five or ten minutes, he could develop the record sufficiently to make an informed decision and actually exercise discretion on the issue. Once he knew the facts. Excuse me? Once he knew the facts. Exactly, Your Honor. All right. Thank you. Thank you. Good morning, Your Honors. May it please the Court. Esther Lima, Street of the United States, along with co-counsel Mark Rehi. I will be addressing the substitution of counsel issue, and Mark Rehi will be addressing the Blakely-Emeline issue. Your Honors, I would like to begin by just emphasizing that the district court's decision to deny the defendant's motion for new counsel was appropriate and was not an abuse of discretion. He – this Court must consider the three factors, the timeliness, the adequacy of the inquiry, and the extent of the conflict. However, none of those factors alone is dispositive in determining whether the judge abuses discretion. As Your Honors are aware, this motion was made on the morning of trial. This was actually a case that arose out of a long, complex investigation. What you're saying is that the fact that it's brought on the morning of trial is not itself dispositive. That's correct, Your Honor. So the Court should – the other two factors are what? All of the factors are relevant. None of the factors alone is dispositive. However, even if we look at all three factors, they all weigh – they all support finding that there was no abuse of discretion here. What are the other two factors? The other two factors are the extent of the conflict. The other is the adequacy of the inquiry. And did the judge determine the extent of the conflict? Your Honor, the district court, he did question the defense – the defendant through his counsel regarding whether this matter had already been heard. Once he was informed that it had been heard by the magistrate court – Then he knew the extent of the conflict. He actually did not know the extent of the conflict. But, Your Honor, this Court, in determining whether there was an abuse of discretion, must look at the entire record to determine whether there was actually a conflict. And in this case, the conflict did not rise to the level where it would affect the adequate representation of the defendant. Well, how do we know what the extent of the conflict was? We know what it was two months ago. That's correct, Your Honor. But in determining whether the district court abuses discretion, this Court is actually to look at the entire record. And the record does reflect that – So you think the Court has no obligation to inquire at all into the extent of the conflict? Your Honor, the government – Or the third factor. What's the third factor? The third factor is the adequacy of the inquiry. And the inquiry can be zero. Your Honor, the government acknowledges that the inquiry was limited. It could have been as thorough as the magistrate court was. However, Your Honor, that – this is just one factor. And this circuit has actually decided in previous cases that even a limited inquiry is not fatal to a judge's decision to deny a motion for new counsel. Well, if it turned out there was something significant to be uncovered and it wasn't uncovered, I take it there might have been a problem. But it's your position that in this case, there wasn't anything to be uncovered that hadn't already been put on the table in front of the magistrate judge? That's correct, Your Honor. In fact – How do you know that? Well, Your Honor, that the defendant and his counsel, they had the opportunity to raise new issues. They could have informed the judge a new issue has arisen, but they did not do that. Neither the counsel nor the defendant. In this case, though, the district judge was told the motion had been denied. He had not been told it appears that the motion had been denied without prejudice. Is that correct? That's correct, Your Honor. And he wasn't given more details as to what the nature of the gap or whatever difference there was between the defendant and his counsel? He was not given those details at – on the first day of trial. So he was taking, at least at that point in time, taking on faith that this issue has been hashed out in front of the magistrate. I'm not going to take time today to deal with it any further. Was anything put before him later on behalf of the defendant to indicate that there were other difficulties or to describe exactly what the difficulties were that the defendant had with his lawyer? After the second motion? Correct. The defendant did, again, raise the issue at sentencing. At that time, the judge did inform him that – that it was not to his benefit to obtain new counsel at this time. However, he would appoint a new counsel for – for appeal. However, I would like to emphasize that the defendant did have the opportunity to request a motion for reconsideration to the magistrate court. He did have the – he did have the opportunity and the time to request – to appeal the decision to the district court. Clearly, he knew how to file pro se motions because he had done that in the first instance before the magistrate court, but he failed to do that.  And – Well, maybe to see whether the problem took care of itself. That, I mean – Well, we don't know. We don't know. Because nobody ever asked anything. We don't know. But what we do know is that he never raised this issue again during the seven-month period. I would also like to emphasize, Your Honor, that the defendant, during the magistrate court's inquiry regarding the extent of the conflict, the defendant actually filed the motion for new counsel in April. This was after the competency – the competency motion was filed and after he was determined to be confident. His motion for new counsel was filed after this period of time. A few days later, he actually pled guilty in a related case in which the same counsel was representing him. During that plea colloquy, he acknowledged that he was – that he was satisfied with his attorney. This is inconsistent with his position. Didn't he make a statement at the very beginning, his plan all along was to plead guilty with regard to the – was it revocation? Whatever it was, the separate hearing. But he wanted to contest this case. Well, if you know you're going to plead in that one, you may not care about the attitude your lawyer has. But in this case, as I understand, the concern was that my lawyer thinks I'm crazy. Your Honor, but the – Isn't that different? The magistrate specifically asked him – in fact, he reminded him. He asked him – he said, do you remember during that plea colloquy that I asked you whether you were satisfied with your counsel, and you said that you were. But he wanted to plead guilty there from the – so the guy's pleading guilty. He's doing what he wanted to do. The defendant acknowledged that. But at the same time, the magistrate court also asked him – he asked him, do you want me to – to remove him from both cases? The defendant actually told him, well, whatever you want to do. He gave him an option. Clearly, he wasn't always – Where was that in the chronology? Was that after the motion to substitute the first time? This was – motion to substitute counsel was filed – I believe it was April 16th. He pled guilty less than 10 days later, at which time he admitted that – or acknowledged that he was pleased with his counsel. He – the motion hearing was actually – I believe it was May 9th. It was a few days later. But the motion actually was filed. The motion requesting new counsel was filed even before he pled guilty in the related case. Would you say that your best case is George? George? U.S. v. George. Your Honor, I actually do believe that – I do believe that McClendon and Smith are actually the strongest cases here. And, in fact, I also do believe that the case that the defendant cited, U.S. v. Adelsto, is also one of the stronger cases. Let me ask you this. There was a first motion. There was a motion by the district judge. Are we able to review the first motion if it was an appeal to the district court? Are we able to review? Are we – is this Court – are we able to review the magistrate judge's ruling on the first motion if it was an appeal to the district court? Your Honor, I would say that he never objected to that. And if Your Honor is able to review, it would be under a plain error analysis. So your answer is you don't know, but you're guessing for me. I do believe that it would be a plain error analysis since he never objected to that. And, however, I do believe that even under the plain error analysis, that his argument was fair. Well, magistrate rulings, which are – except in cases where the matter is by consent of the parties committed to the magistrate's final decision. Those are different. Those can be appealed directly. But you don't know the status. You don't have authority on the status of a magistrate's ruling that is interlocutory and not – as to which there is no review in the district court as to whether those survive an appeal. Do you have a case dealing with that? Your Honor, I do not have a case dealing on that. However, Your Honors, if it is okay with Your Honors, I would like to reserve the remaining time we have for the Blakely issue. All right. Thank you, Counsel. Thank you. Good morning, Your Honors. May it please the Court. Mark Rahe for the United States. I know that counsel – defense counsel didn't address Blakely in his oral argument, and I'll keep my comments short, but I do – didn't want to make a point of coming up here today, though, because right now the defendant stands – his sentence at 168 months. Based on his supplemental Blakely pleadings, he contends that it should be 60. So we're talking about over a 100-month difference, and there are some important points to make. First off, as defense counsel himself recognized, this issue was never raised below. It was also never raised in the initial brief. So it's undoubtedly to be reviewed for plain error. And with that in mind, in the case of the United States v. Cotton, which was a unanimous Supreme Court decision just two years before Blakely, the Supreme Court held that the factoring and indictment, or to ask the jury to find it beyond a reasonable doubt, is not reversible under plain error. Didn't Emmerlein say that you could reach the merits even if it weren't raised below? Yeah. And I'm not saying that the issue's waived. What now I'm talking about is not necessarily that it's waived. It's just the standard that this Court reviews the actual claim. And if the evidence – Cotton holds that if the evidence is overwhelming and uncontroverted, even if it was never mentioned in the indictment, never mentioned below, it's not reversible for plain error. And in this case, we're basically talking about five separate enhancements. Don't you think we should wait until the Supreme Court decides? And, in fact, isn't that the position you've taken in the paper you submitted to us? We could. It was an alternative position, Your Honor. An abundance of caution, we're still here. But since you gave us the papers, the Court's agreed to hear it on October 4th. As you see, Your Honor, but, I mean, we don't – our position is basically is even if it all ends up being written in stone, if Ameline stands, if Blakely applies to the guidelines, in this case, at least three of the five enhancements the defendant's basically stipulated to in a sentencing summary chart. And that's the equivalent of a judicial admission. Even Blakely itself says that, would you look at the facts that are omitted by the defendant. But we just – we thought it was important. We wanted it to be here. But if this Court chooses to defer or doesn't have any additional questions, then we will submit it. Thank you, Your Honor. May I have a minute for a moment? Yes. Thank you very much. The government takes the position that there was not anything new to be uncovered at the second motion. We don't know. And that's the whole problem here. The district court had an affirmative duty to inquire as to the problem. It's a very workable rule. Well, we've had opportunities since then to put into the record, or the defendant did, to put into the record whatever there was that might have added to the discomfort that the defendant had. Is there anything else that's been put in front of us that suggests there were additional reasons? Again, there was the additional motion made before sentencing. But as far as additional reasons, no. I mean, the judge may not have known it. Right. But as far as I can tell, the universe of reasons why the defendant was unhappy is in the record. There's not something outside the record that we don't know about, or the defendant didn't have an opportunity to identify. Not that I'm aware of, Your Honor. The government said its best cases are McClendon-Smith, and then said its best cases is Adelzo-Gonzalez. Adelzo-Gonzalez, this Court reversed a conviction based upon a motion made the morning of trial after finding that that motion was timely, given the fact that the defendant is concerning the problem. If that's the government's best case, then I think I'm in good shape. The conviction must be reversed. And Mr. Ron Hill given a new trial and a new attorney. Thank you. The case is arguably submitted. The next case for argument is United States v. Cruz-Gonzalez.
judges: Reinhardt, Kozinski, Clifton